HOLLAND, Respondent, vs. BARNETT & RECORD COMPANY, Appellant.

*October 4—October 25, 1910.*

*Master and servant: Injury to servant: Defective machinery: Negligence of fellow-servant: Evidence.*

1. Evidence as to the worn and defective condition of a ratchet wheel and dog on defendant's pile-driver, by reason of the slipping or premature release of which a pile fell and injured plaintiff, is *held* to sustain a finding by the jury that defendant was guilty of a want of ordinary care.

2. Upon conflicting statements by the engineer who operated the pile-driver that he could not account for the happening of the accident and that it was caused by a motion of his foot releasing the dog from the ratchet wheel, it was for the jury to say whether or not the accident was so caused.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action for personal injuries. Plaintiff's foot was crushed while putting in place a long pile that had been raised in the leads of a pile-driver and was held suspended three or four feet from the ground by means of a rope, drum, ratchet wheel, and dog. Either the dog slipped out or else it was prematurely and inadvertently released by the engineer, and the pile fell. The evidence on the part of the plaintiff tends to show that the dog slipped out by reason of its worn condition and that of the ratchet wheel. The jury found (1) that defendant was guilty of a want of ordinary care; (2) that such want of ordinary care was the proximate cause of the plaintiff's injury; and (3) that he sustained damages in the sum of $3,700. The court found there was no contributory negligence. Defendant moved to set aside each finding of the jury and the court because the same was contrary to the law and the evidence. The motion was overruled, and from a judgment on the special verdict in favor of plaintiff the defendant appealed.

For the appellant there was a brief by *Frank A. Ross,* and oral argument by *W. P. Crawford.*

*Victor Linley,* for the respondent.

VINJE, J. The defendant challenges the correctness of the verdict on two grounds: First, because the finding that defendant was guilty of a want of ordinary care is not sustained by the evidence; and second, because the evidence shows that the negligence of a co-employee was the proximate cause of the injury.

1. The testimony of several witnesses in behalf of the plaintiff was to the effect that the ratchet wheel was worn; that its teeth had become more or less rounded; that the tooth of the dog was straightened and rounded so that the teeth of the ratchet wheel and the tooth of the dog did not conform to each other, and, by reason thereof, the dog tended to slip out.

To rebut such testimony the defendant introduced in evidence the ratchet wheel and the dog, both of which, the evidence shows, are in the same condition now that they were in at the time plaintiff sustained his injury. After a careful examination of the appliance, adjusted as it was on the piledriver, we have come to the conclusion that its condition confirms rather than rebuts plaintiff's testimony. The tooth of the dog, especially, is straightened and worn rounding so that when the dog is inserted the abutting faces are not at the same angle they were originally, or at the angle they should be in order to hold firmly and safely. The finding, therefore, that defendant was guilty of a want of ordinary care is sustained by the evidence.

2. By putting his foot on a friction lever the engineer could release the dog at will. If this was done while a weight was suspended, as was the pile in question, the weight would drop. The engineer who operated the appliance at the time of the injury testified, in behalf of the defendant, that he may have borne down on the friction lever and caused the dog to jump; and in answer to the question, "Then it was your motion that caused the accident?" he said "Yes." Defendant claims this testimony shows conclusively that the injury was the result of the negligence of a co-employee. Just previously, however, the engineer, in answer to this question, "Are you able yourself to account for the happening of this accident?" said, "No, I can't tell it; I can't make no account of it at all;" and in a written statement made to plaintiff's attorney before the trial he said: "I took the lever entirely off the drum, and had put the dog on the ratchet so it held. I had done my duty completely. Of course I didn't know what caused it." On the trial he explained this statement by saying he did not swear to it. On this state of the evidence it was a question for the jury to say whether the witness was to be believed when he said it was his motion that caused the accident. Their finding in favor of the plaintiff cannot be disturbed.

    *By the Court.*—Judgment affirmed.